OPINION
Hebern D. Hannah appeals from a judgment and decree of divorce terminating his marriage to Royetta F. Hannah.
Hebern[1] and Royetta were married in 1967. Three children were born of the marriage. All three were emancipated when the parties were divorced.
Hebern and Royetta accumulated a marital estate that the trial court valued at approximately $200,000 when it entered its decree. The issues presented on appeal involve property division and spousal support.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN MAKING A NEARLY EQUAL DISTRIBUTION OF THE ASSETS TO THE PARTIES WITHOUT REGARD TO THE CURRENT AND FUTURE EARNING ABILITY TO THEM.
Hebern was 52 years of age when the decree of divorce was entered. He had retired from Navistar International, Inc., several years before after completing more than thirty years service. His work during that time was physically demanding. There is evidence that he was evaluated for purposes of Workers Compensation as 12% disabled.
Hebern's retirement income from Navistar is $2,050 per month. He currently also works part-time and earns approximately $7,000 annually.
Royetta is employed full-time. She earns approximately $25,000 per year. Her job has no retirement benefits.
Hebern's service at Navistar during which his retirement benefit accrued and vested coincided with the years of his marriage to Royetta. The trial court therefore divided Hebern's annual income of $24,600 equally between the parties, $12,300 to be paid to each.
Hebern argues that the trial court abused its discretion in dividing his retirement benefit equally. He points out that the share of the benefit each party receives will, along with the wages each earns, yield an annual income of $37,300 for Royetta and only $19,300 for him. Hebern objects to the court's reasoning for rejecting an unequal division in his favor, which was that he is capable of currently earning more. His disability, along with his many years of hard, physical labor make that finding inequitable, according to Hebern.
Retirement benefits that one party accumulated during the marriage are marital property which a domestic relations court must divide equitably between the parties when a decree of divorce is entered terminating their marriage. R.C. 3105.171(A)(3)(a)(i), (B). That division must be equal, unless the court determines that an equal division would be inequitable. R.C. 3105.171(C)(1). Any determination the court makes in that regard will not be reversed absent an abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Hebern argues that, instead of an equal division of his retirement pension, the trial court should have awarded him the entire amount, or awarded him more than 50%, or deferred division until Royetta's retirement from work. The court abused its discretion in not doing those things, Hebern argues, because his many years of hard labor should entitle him to a rest from work, to which the trial court gave too little credit when it concluded that he is capable of earning more than he currently does.
In rejecting Hebern's alternative of an unequal division, the court stated:
 "The Court does find that the Plaintiff herein has failed to provide the Court with ample credible evidence to substantiate that he is unable to obtain employment which would earn him more than the $7,000.00 per year which he is currently earning at his part-time job and the Court further finds that the Plaintiff has failed to provide the Court with ample credible evidence to substantiate that he is physically unable to obtain full-time employment. Taking into account the Plaintiff's relatively young age and his past work experience, it appears only reasonable that the Plaintiff could obtain a job similar in nature to the pay scale of the Defendant, if he chose to do so, however, that choice must be the Plaintiff's."
(Judgment and Decree, pp. 13-14).
It was Hebern's burden to demonstrate why an equal division of his retirement benefit would be inequitable. We cannot fault his desire for a rest from labor after many years of hard work. However, that desire is subordinated by R.C. 3105.171 to the equal division which Division (C)(1) of that section generally requires. The trial court concluded that it could not vary from the requirement in this case, finding that Hebern had failed to present evidence to support a variance. We are unable to find that the court abused its discretion in that regard on the standard set out in Blakemore, supra.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT FAILED TO AWARD APPELLANT SPOUSAL SUPPORT IN CONTRAVENTION OF OHIO REVISED CODE SECTION 3105.18.
R.C. 3105.18 authorizes a domestic relations court to award spousal support payable by one party to another after their marital and separate properties are divided. Division (C)(1)(a) through (n) of that section sets out "factors" the court must consider in determining whether spousal support is appropriate. The court's decision whether to order spousal support will not be reversed on appeal absent an abuse of discretion.
In support of this assignment of error, Hebern reviews the evidence in this case relevant to the statutory factors. Though several of his points are well-made, and might have persuaded this court to order spousal support, we do not view the issue de novo.Our function is to determine whether the trial court's decision todeny Hebern's request for spousal support arises from an attitudethat is unreasonable, arbitrary, or unconscionable. Blakemore,supra.
The thread running through the statutory factors is the need of one party for spousal support as against the ability of the other party to pay it. Fletcher v. Fletcher (Aug. 24, 1992),Montgomery App. No. 12942, unreported, affirmed (1994), 68 Ohio St.3d 464,628 N.E.2d 1343. Seagraves v. Seagraves (April 19, 1996), Montgomery App. No. 15588, unreported. Hebern suggests that Royetta has an ability to pay because her annual income of $37,300 is almost double his annual income of $19,300. However, he does not say how his needs will go unmet if he does not receive spousal support. He merely argues, instead, that in view of his years of hard work and poor health, it is inequitable to require him to earn additional monies to meet his needs. He also argues that, were the income situations of the parties reversed, he would probably be required to pay support to Royetta.
Hebern's "sauce for the goose is sauce for the gander" argument resonates with our experience in reviewing spousal support issues, but it doesn't demonstrate that the trial court abused the discretion reposed in it by R.C. 3105.18. The court is required by division (C)(1)(b) of that section to consider "[t]he relative earning abilities of the parties." The court did that when it found that "it is realistic to assume that (Hebern) does have a relatively greater earning ability than he enjoys (sic)." (Decree, pp. 15-16). Hebern disputes that finding, but he fails to explain how it was unreasonable for the court to arrive at it on the record before the court. As the proponent of the request for support, it was Hebern's burden to demonstrate need, and he was unable to do that. We cannot find that the court abused its discretion in rejecting his request.
The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT'S DISPROPORTIONATE AWARD OF PERSONAL PROPERTY TO APPELLEE IS ARBITRARY, CAPRICIOUS AND INEQUITABLE.
Hebern argues that the trial court abused its discretion when it divided the parties' household goods by awarding Royetta every article she had asked for. He contends that because he was allowed to retain the marital residence by purchasing Royetta's interest, his needs for the larger items in particular are manifest and the division he proposed "would be more appropriate." (Brief, p. 15).
Again, we do not review this issue de novo but on an abuse of discretion standard. We find no abuse of discretion.
The third assignment of error is overruled.
 Conclusion
Having overruled the assignments of error presented, we will affirm the judgment from which this appeal was taken.
 ________________________ GRADY, P.J.
BROGAN, J. and FAIN, J., concur.
[1] For purposes of economy and clarity, the parties will be identified by their first names.